**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | |
|---|---|
| CENTRAL LABORERS' PENSION FUND, | ) |
| CENTRAL LABORERS' WELFARE FUND (ACTIVES & | ) |
| RETIREES), | ) |
| CENTRAL LABORERS' ANNUITY FUND, | ) |
| NORTH CENTRAL ILLINOIS LABORERS' | ) |
| HEALTH AND WELFARE FUND ("NC Welfare"), | ) |
| NORTHERN ILLINOIS LABORERS' ANNUITY FUND | ) |
| ("NI Annuity"), | ) |
| ILLINOIS LABORERS AND CONTRACTORS JOINT | ) |
| APPRENTICESHIP & TRAINING TRUST FUND, | ) |
| MIDWEST REGION FOUNDATION FOR FAIR | ) |
| CONTRACTING ("MRFFC"), | ) |
| CONSTRUCTION INDUSTRY ADVANCEMENT FUND, | ) |
| GREAT PLAINS LABORERS' DISTRICT COUNCIL | ) |
| WORKING DUES CHECK OFF FUND | ) |
| NORTH CENTRAL LABORERS-EMPLOYERS | ) |
| COOPERATION AND EDUCATION TRUST, | ) |
| MARKET PROMOTION FUND, | ) |
| MIDWEST REGION ORGANIZATION COMMITTEE, | ) |
| and the GREAT PLAINS LABORERS' VACATION FUND, | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) |
| | ) |
| IMAGE PRO'S ASPHALT MAINTENANCE INC., | ) |
| an Illinois corporation, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

Plaintiffs Central Laborers' Pension Fund, *et al.* (collectively "Plaintiff Funds"), by their

attorneys, complain against Defendant IMAGE PRO'S ASPHALT MAINTENANCE INC. as

follows:

**COUNT I**
against
IMAGE PRO'S ASPHALT MAINTENANCE INC.
(*Claim under ERISA for an audit against IMAGE PRO'S ASPHALT MAINTENANCE INC.*)

1.	This action arises under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132, 1145 ("ERISA"); the Labor Management Relations Act, as amended, 29 U.S.C. § 185(a) ("LMRA"); 28 U.S.C. § 1331; and federal common law.

2.	Plaintiff Funds are multiemployer pension funds, welfare funds, apprentice funds, labor-management committees, and related funds established pursuant to collective bargaining agreements between, on the one hand, the Laborers International Union of North America (the "Union") and local unions and district councils affiliated with the Union, and, on the other hand, certain employers and employer associations. The Union and its affiliated local unions and district councils are labor organizations within the meaning of the LMRA, 29 U.S.C. § 152(5), representing employees in an industry affecting commerce as defined by the LMRA, 29 U.S.C. § 185(a).

3.	Plaintiff Funds receive fringe benefit contributions and dues payments from certain employers pursuant to collective bargaining agreements between, on the one hand, the Union and district councils and local unions affiliated with the Union, and, on the other hand, certain employer associations and employers, all on behalf of employees covered by the collective bargaining agreements. The Plaintiff Funds' right to receive fringe benefit contributions and dues payments also arises pursuant to participation agreements between the Plaintiff Funds and employers.

4.	Plaintiff Central Laborers' Pension Fund is the authorized collection agent for the other Plaintiff Funds with respect to fringe benefit contributions and dues payments.

5.	IMAGE PRO'S ASPHALT MAINTENANCE INC. is an Illinois corporation doing business in (and with its principle place of business in) the Northern District of Illinois. Venue in this district is proper under ERISA, 29 U.S.C. § 1132(e)(2); and 28 U.S.C. § 1391(b). IMAGE PRO'S ASPHALT MAINTENANCE INC. is an "employer" and a "party-in-interest" as those

terms are defined by, respectively, Sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

6.      IMAGE PRO'S ASPHALT MAINTENANCE INC. became a party to and bound by collective bargaining agreements with the Union (and/or one or more district councils and local unions affiliated with the Union) by virtue of its execution of one or more memorandum of agreement or other collective bargaining agreements. Copies of signature pages of such collective bargaining agreements are attached as *Exhibit A*. IMAGE PRO'S ASPHALT MAINTENANCE INC. has never terminated the collective bargaining agreements and they remain in effect.

7.      By virtue of certain provisions contained in the collective bargaining agreement(s), IMAGE PRO'S ASPHALT MAINTENANCE INC. became a party to and bound by the Plaintiff Funds' trust agreements.

8.      IMAGE PRO'S ASPHALT MAINTENANCE INC. became a party to and bound by one or more participation agreements with the Plaintiff Funds. Copies of such participation agreements are attached as *Exhibit B*. IMAGE PRO'S ASPHALT MAINTENANCE INC. has never terminated the participation agreements and they remain in effect.

9.      By virtue of certain provisions contained in the participation agreement(s), IMAGE PRO'S ASPHALT MAINTENANCE INC. became a party to and bound by the Plaintiff Funds' trust agreements.

10.     IMAGE PRO'S ASPHALT MAINTENANCE INC. became a party to and bound by the collective bargaining agreements, participation agreements and trust agreements by virtue of its signing and submitting (and certain provisions contained in) employer contribution report forms to the Plaintiff Funds.

11.     IMAGE PRO'S ASPHALT MAINTENANCE INC. became a party to and bound by the collective bargaining agreements, participation agreements and trust agreements by virtue of its withholding of (some but not all) payroll deductions and dues consistent with the collective bargaining agreements, participation agreements, and trust agreements.

12.     IMAGE PRO'S ASPHALT MAINTENANCE INC. became a party to and bound by the collective bargaining agreements, participation agreements and trust agreements by making (some but not all) employee fringe benefit contributions and dues payments to the Plaintiff Funds.

13.     Under the terms of the collective bargaining agreements, participation agreements and trust agreements, IMAGE PRO'S ASPHALT MAINTENANCE INC. is required to make fringe benefit contributions and dues payments to the Plaintiff Funds on behalf of employees performing work covered by the collective bargaining agreement; the contributions and dues are required to be at the hourly rates indicated in the collective bargaining agreement and participation agreements.  Under the terms of the agreements, IMAGE PRO'S ASPHALT MAINTENANCE INC. is also required to submit monthly remittance reports identifying, among other things, the employees covered under the collective bargaining agreement and the amount of contributions and dues to be remitted on behalf of each covered employee.

14.     Pursuant to the collective bargaining agreements, participation agreements, trust agreements, and ERISA, IMAGE PRO'S ASPHALT MAINTENANCE INC. is required to provide access to such records as are necessary for Plaintiff Funds to determine whether there has been compliance with obligations to contribute to Plaintiff Funds.

15.     Upon information and belief, IMAGE PRO'S ASPHALT MAINTENANCE INC. has failed to make some of the contributions from time to time required to be paid by it to the Plaintiff Funds pursuant to the terms of the collective bargaining agreement, participation

agreement and trust agreements to which it is bound, all in violation of its contractual and statutory obligations.

16.     IMAGE PRO'S ASPHALT MAINTENANCE INC. has failed and refused to provide access to such records as are necessary for the Plaintiff Funds to determine whether there has been compliance with obligations to contribute to the Plaintiff Funds.

17.     Plaintiffs have been required to employ auditors and the undersigned attorneys to compel the audit of the books and records of IMAGE PRO'S ASPHALT MAINTENANCE INC. for a period beginning January 1, 2015 through as current a date as possible.

WHEREFORE, Plaintiffs respectfully request that this Court:

A.     Enter judgment against IMAGE PRO'S ASPHALT MAINTENANCE INC. in favor of Plaintiffs.

B.     Order IMAGE PRO'S ASPHALT MAINTENANCE INC. to provide access to its records so that an audit can be performed to determine whether it has complied with contribution requirements.

C.     Order IMAGE PRO'S ASPHALT MAINTENANCE INC. to pay all fringe benefit contributions and assessment penalties that may be shown to be due after an audit.

D.     Order IMAGE PRO'S ASPHALT MAINTENANCE INC. to pay auditors' fees to Plaintiffs.

E.     Order IMAGE PRO'S ASPHALT MAINTENANCE INC. to pay interest, costs, and reasonable auditors' and attorneys' fees to Plaintiffs pursuant to 29 U.S.C. § 1132(g)(2).

F.     Order IMAGE PRO'S ASPHALT MAINTENANCE INC. to perform and continue to perform all other obligations it has undertaken with respect to Plaintiffs.

G.     Grant Plaintiffs such other and further relief as may be just.

Respectfully submitted,
CENTRAL LABORERS' PENSION FUND, *et al*.

By:     /s/ *Richard A. Toth*
One of their attorneys

DALEY AND GEORGES, LTD.
20 S. Clark St., Suite 400
Chicago, IL  60603-1903
(312) 726-8797

#14835

EFFECTIVE DATE: This Agreement shall become effective the 1st day of
January, 2012, except as otherwise provided herein, and remain in full force and
effect until the 31st day of December, 2014 and shall thereafter continue from
year to year, unless at least sixty (60) days prior to the expiration date, or as
thereafter extended, either party hereto shall notify the other in writing of its
intention to terminate.. It is contemplated that the parties will, in said sixty (60)
day period meet with each other to negotiate a new agreement.

REPRESENTING THE:
COMPANY
Image Pros Asphalt Maintenance, Inc

Glenn E. Cox
Name

10402 Geneva Dr
Address

Roscoe Illinois 61073
Address

815-639-0903
Phone

815-639-9311
Fax

President 8/1/12
Signature                Date

REPRESENTING THE:
L.I.U.N.A. - LOCAL 32,727

Dominic Castanga 3-30-12
Local 32                Date

Ken Diehl 3-30-12
Local 727               Date

Chas H. 3-30-12
G.P.L.D.C.              Date





EXHIBIT

A

-26-

#14835

IN WITNESS WHEREOF, the parties hereto have affixed their signatures which officially binds said parties under the provisions of the Agreement.

SIGNED this ___8 TH___ day of ___Aug 12___ 2010, at Rockford, Illinois.

Glen Turpoff　　　　　　　　　　　Date
NORTHWESTERN ILLINOIS CONTRACTORS ASSOCIATION, INC.

FOR THE UNION:

Frank E. Hovar　　　　　　　　　4-20-10
GREAT PLAINS LABORERS' DISTRICT COUNCIL　　Date

CONTRACTOR:

Name: Image Pros Asphalt Maintenance, Inc

Address: 10402 Geneva Drive

Address: Roscoe Illinois 61073

Signature: _____ President

Date: 8/1/12



AUG - 6 2012

-26-

#14835

Laborers' Locals 32 & 727
Heavy/Highway Wage Addendum
Effective May 1, 2010

Section 13. Payments to the office of the aforesaid Plans and Funds shall be made by the Employer no later than the 15th day of the month following the month for which payments are required.

*Payments made to the Central Laborers' Pension Fund office, P.O. Box 1267, Jacksonville, Illinois 62651. MAKE ONE CHECK.

**Payments made to the North Central Illinois Laborers' Health & Welfare Fund office, P.O. Box 9090, Peoria, Illinois 61612-9090. MAKE ONE CHECK.

SIGNED this _____ 8 Th _____ day of _Aug  2012_, 2010 at Rockford, Illinois.

FOR THE CONTRACTORS:

_____ 4/29/10

Glen L. Turpoff                                            Date
NORTHWESTERN ILLINOIS CONTRACTORS ASSOCIATION, INC.

FOR THE UNION:

Frank E. Hovar                                    4-28-10

Frank E. Hovar                                            Date
GREAT PLAINS LABORERS' DISTRICT COUNCIL

CONTRACTOR:

NAME: Image Pro's Asphalt Maintenance Inc

ADDRESS: 10402 Geneva Dr

ADDRESS: Roscoe Illinois 61073

SIGNATURE: _____ President

DATE: 8/1/12

LOCAL UNION NO. 32
Tom DalSanto, Business Manager
4477 Linden Rd., Suite E
Rockford, Illinois 61109
Phone: (815) 873-8875
Fax: (815) 873-8972

LOCAL UNION NO. 727
Ken Diehl, Business Manager
768 Bloody Gulch Road
Dixon, Illinois 61021
Phone: (815) 284-2049
Fax: (815) 284-1318

RECEIVED
AUG - 6 2012

20

#14835

**HEAVY HIGHWAY**
**PARTICIPATION AGREEMENT**

H/62

1. This Participation Agreement is entered into between _Image Pro's Asphalt Maintenance, Inc_ (Employer) and the Central Laborers' Pension Fund, The Central Laborers' Welfare Fund, Central Laborers' Annuity Plan, Illinois Laborers' and Contractors' Joint Apprenticeship and Training Program and such other Funds or Plans listed below (all referred to as the "Funds"). The Employer hereby agrees that this document represents the detailed written Agreement required by the Labor Management Relations Act (29 U.S.C. Section 186 (c)) to permit the Funds to receive contributions from the Employer on behalf of Employees employed by the Employer within the jurisdiction of the Funds.

2. The Employer hereby agrees to be bound by and to the Agreements and Declarations of Trust establishing and amending the Central Laborers' Pension Fund and Central Laborers' Welfare Fund and all other funds or plans comprising the Funds, all as heretofore and hereafter amended (the Trust Agreements), as though the Employer had actually signed the same. The various Agreements and Declarations of Trust are hereafter referred to as the "Trust Agreements." The Employer agrees to make contributions to the Funds (1) on behalf of all Employees, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (2) for all jobs within the geographical jurisdiction of the Funds, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (3) for employment on all job classifications, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements.

3. The Employer hereby agrees to pay the following contributions to the Funds for each Employee of the Employer, and the Employer agrees that the following contribution rates may change or vary with the location of the jobs or that the rates may be increased and/or decreased from time to time pursuant to the Trust Agreements or applicable Collective Bargaining Agreements.

| | | | | |
|---|---|---|---|---|
| $8.42 | per hour to Central Laborers' Pension Fund | | $0.32 | per hour to Industry Advancement Fund |
| $8.24 | per hour to NCIL H&W Welfare Fund | | 4.5% + $0.50 | Working Dues (% or cents per hour) |
| $4.00 | per hour to NIAF Annuity Fund | | $0.14 | LECET |
| $0.80 | per hour to Illinois Laborers' and Contractors' Joint | | $3.00 | Vacation |
| $0.10 | Apprenticeship & Training Program | | $0.04 | Other MARKET PROMOTION (DEDUCT) |
| | MRFFC | | $0.25 | Other ORGANIZING (DEDUCT) |

4. The Employer agrees to make the required contributions monthly and in such manner as required by the Trustees of the Funds for all Employees as defined in the Trust Agreements and the Trustees shall have the authority to have their accountant audit all payroll and all wage, job, bonds and other relevant records of the Employer upon reasonable notice for the purpose of determining the accuracy of the Employer's contributions to the Funds.

5. For the purpose of this Agreement, each hour worked for which the Employee receives pay, and other hours for which pay is received by the Employee in accordance with this and/or any applicable Agreement, shall be counted as hours for which contributions are payable.

6. If an Employer fails to pay contributions as required by the Trust Agreements and this Agreement, the Funds shall have the right to take whatever steps are necessary to secure compliance with this Agreement and the Trust Agreements, any other provision hereof to the contrary notwithstanding, and the Employer shall be liable for all reasonable costs of collection of the payments due together with reasonable attorneys' fees and such other reasonable costs and charges as may be assessed by the Trustees of the Funds pursuant to the Trust Agreements, including the cost of any and all audits. In addition, the Employer agrees that all remittances not received by the 15th day of the month next following the month for which the contributions are due are subject to assessment of Liquidated Damages in the amount of 10% of the contributions or $25.00 minimum per remittance, to deter the increased administrative costs resulting from late payments, all pursuant to the Trust Agreements.

7. The Employer hereby irrevocably designates as its representatives on the Board of Trustees of the Funds such Trustees as are now serving, or their successors who will serve in the future, as Employer Trustees together with their successors. The Employer further agrees to be bound by all actions taken by the Board of Trustees pursuant to the Trust Agreements as heretofore and/or hereafter amended.

8. The Pension, Welfare and Annuity Plans adopted by the Trustees of the Funds and Plans shall at all times conform with the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat contributions as a deduction for income tax purposes.

NO ALTERATIONS OR ADDITIONS TO THIS PARTICIPATION AGREEMENT SHALL BE EFFECTIVE UNLESS APPROVED IN WRITING BY THE TRUSTEES OF THE FUND.

**EMPLOYER**

Image Pro's Asphalt Maintenance, Inc
Name of Business
10402 Geneva Dr
Address
Roscoe / Illinois / 61073
City/State/Zip Code
815-639-0903
Telephone

Authorized Signature
President
Title
8/1/12
Date

**CENTRAL LABORERS' FUNDS**

RECEIVED AUG - 6 2012

Authorized Signature
Executive Director
Title

UNION
Territory in which Agreement signed: Local 727

Ken Diehl
Authorized Signature
BUSINESS MANAGER
Title
August 1, 2012
Date

White copy: Central Laborers' Pension, Welfare and Annuity Funds, Post Office Box 1267, Jacksonville, Illinois 62651-1267
Pink copy: Employer
Yellow copy: District Council or Local Union


EXHIBIT
B

#14835

S 206

**SMALL PAVERS**
# PARTICIPATION AGREEMENT

1. This Participation Agreement is entered into between _Image Pro's Asphalt Maintenance, Inc_ (Employer) and the Central Laborers' Pension Fund, The Central Laborers' Welfare Fund, Central Laborers' Annuity Plan, Illinois Laborers' and Contractors' Joint Apprenticeship and Training Program and such other Funds or Plans listed below (all referred to as the "Funds"). The Employer hereby agrees that this document represents the detailed written Agreement required by the Labor Management Relations Act (29 U.S.C. Section 186 (c)) to permit the Funds to receive contributions from the Employer on behalf of Employees employed by the Employer within the jurisdiction of the Funds.

2. The Employer hereby agrees to be bound by and to the Agreements and Declarations of Trust establishing and amending the Central Laborers' Pension Fund and Central Laborers' Welfare Fund and all other funds or plans comprising the Funds, all as heretofore and hereafter amended (the Trust Agreements), as though the Employer had actually signed the same. The various Agreements and Declarations of Trust are hereafter referred to as the "Trust Agreements." The Employer agrees to make contributions to the Funds (1) on behalf of all Employees, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (2) for all jobs within the geographical jurisdiction of the Funds, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (3) for employment on all job classifications, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements.

3. The Employer hereby agrees to pay the following contributions to the Funds for each Employee of the Employer, and the Employer agrees that the following contribution rates may change or vary with the location of the jobs or that the rates may be increased and/or decreased from time to time pursuant to the Trust Agreements or applicable Collective Bargaining Agreements.

| | | | | |
|---|---|---|---|---|
| $4.77 | per hour to Central Laborers' Pension Fund | | | per hour to Industry Advancement Fund |
| $7.70 | per hour to **NCIL H&W** Welfare Fund | 2% | | Working Dues (% or cents per hour) |
| | per hour to _____ Annuity Fund | | | LECET |
| $0.10 | per hour to Illinois Laborers' and Contractors' Joint Apprenticeship & Training Program | | | Vacation |
| | | | | Other _____ |
| | MRFFC | | | Other _____ |

4. The Employer agrees to make the required contributions monthly and in such manner as required by the Trustees of the Funds for all Employees as defined in the Trust Agreements and the Trustees shall have the authority to have their accountant audit all payroll and all wage, job, bonds and other relevant records of the Employer upon reasonable notice for the purpose of determining the accuracy of the Employer's contributions to the Funds.

5. For the purpose of this Agreement, each hour worked for which the Employee receives pay, and other hours for which pay is received by the Employee in accordance with this and/or any applicable Agreement, shall be counted as hours for which contributions are payable.

6. If an Employer fails to pay contributions as required by the Trust Agreements and this Agreement, the Funds shall have the right to take whatever steps are necessary to secure compliance with this Agreement and the Trust Agreements, any other provision hereof to the contrary notwithstanding, and the Employer shall be liable for all reasonable costs of collection of the payments due together with reasonable attorneys' fees and such other reasonable costs and charges as may be assessed by the Trustees of the Funds pursuant to the Trust Agreements, including the cost of any and all audits. In addition, the Employer agrees that all remittances not received by the 15th day of the month next following the month for which the contributions are due are subject to assessment of Liquidated Damages in the amount of 10% of the contributions or $25.00 minimum per remittance, to deter the increased administrative costs resulting from late payments, all pursuant to the Trust Agreements.

7. The Employer hereby irrevocably designates as its representatives on the Board of Trustees of the Funds such Trustees as are now serving, or their successors who will serve in the future, as Employer Trustees together with their successors. The Employer further agrees to be bound by all actions taken by the Board of Trustees pursuant to the Trust Agreements as heretofore and/or hereafter amended.

8. The Pension, Welfare and Annuity Plans adopted by the Trustees of the Funds and Plans shall at all times conform with the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat contributions as a deduction for income tax purposes.

NO ALTERATIONS OR ADDITIONS TO THIS PARTICIPATION AGREEMENT SHALL BE EFFECTIVE UNLESS APPROVED IN WRITING BY THE TRUSTEES OF THE FUND.

RECEIVED

**EMPLOYER**

Name of Business: _Image Pros Asphalt Maintenance, Inc_

Address: _10402 Geneva Drive_

City/State/Zip Code: _Roscoe / Illinois / 61073_

Telephone: _815-639-0903_

Authorized Signature

Title: _President_

Date: _8/1/12_

**CENTRAL LABORERS' FUNDS**

AUG - 6 2012

Authorized Signature

Title: _Executive Director_

UNION _727_

Territory in which Agreement signed: Local

Authorized Signature: _Ken Diehl_

Title: **BUSINESS MANAGER**

Date: _August 1, 2012_

White copy: Central Laborers' Pension, Welfare and Annuity Funds, Post Office Box 1267, Jacksonville, Illinois 62651-1267
Pink copy: Employer
Yellow copy: District Council or Local Union



(Rev. 02/03) 2M