UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| CENTRAL LABORERS' PENSION FUND, ) | |
| CENTRAL LABORERS' WELFARE FUND (ACTIVES & ) | |
|   RETIREES), ) | |
| CENTRAL LABORERS' ANNUITY FUND, ) | 19-C-50006 |
| NORTH CENTRAL ILLINOIS LABORERS' ) | |
|   HEALTH AND WELFARE FUND ("NC Welfare"), ) | |
| NORTHERN ILLINOIS LABORERS' ANNUITY FUND ) | Judge Philip G. Reinhard |
| ("NI Annuity"), ) | |
| ILLINOIS LABORERS AND CONTRACTORS JOINT ) | Magistrate Judge |
|   APPRENTICESHIP & TRAINING TRUST FUND, ) | Margaret J. Schneider |
| MIDWEST REGION FOUNDATION FOR FAIR ) | |
|   CONTRACTING ("MRFFC"), ) | |
| CONSTRUCTION INDUSTRY ADVANCEMENT FUND, ) | |
| NORTH CENTRAL LABORERS-EMPLOYERS ) | |
|   COOPERATION AND EDUCATION TRUST, ) | |
| MARKET PROMOTION FUND, ) | |
| MIDWEST REGION ORGANIZATION COMMITTEE, ) | |
| GREAT PLAINS LABORERS' VACATION FUND, ) | |
| and the GREAT PLAINS LABORERS' DISTRICT COUNCIL ) | |
|   WORKING DUES CHECK OFF FUND ) | |
| ) | |
|                 Plaintiffs, ) | |
| v. ) | |
| ) | |
| IMAGE PRO'S ASPHALT MAINTENANCE INC., ) | |
| an Illinois corporation, and GLEN E. COX, individually, ) | |
| ) | |
|                 Defendants. ) | |

**PLAINTIFFS'
MOTION FOR CONFESSION OF A SPECIFIC MONEY JUDGMENT**

    Plaintiffs Central Laborers' Pension Fund, *et al*., by their attorneys, respectfully move this Court to confess a specific money judgment against Defendants IMAGE PRO'S ASPHALT MAINTENANCE INC., and GLEN E. COX, as follows:

    1.    This is an ERISA action to collect employer contributions and related amounts owed to fringe benefit funds.

2. Plaintiffs filed their *First Amended Complaint* in this matter on December 27, 2019. (Docket Entry #32). Each Defendant subsequently filed its respective *Answer to Amended Complaint* on January 20, 2020, (Docket Entry #36) and on March 9, 2020, (Docket Entry #41).

3. As noted in the Court's *Minute Entry* on May 12, 2022, (Docket Entry #122), the parties "reached a settlement agreement and [were] in the process of finalizing settlement paperwork".

4. As noted in the parties' *Joint Status Report* filed on June 10, 2022, (Docket Entry #123), the "parties entered into a settlement agreement and judgment note." A copy of the fully executed *Settlement Agreement* and *Judgement Note* were attached to the *Joint Status Report*; a copy of the *Settlement Agreement* and *Judgement Note* are also attached to his motion as *Exhibit A*.

5. As summarized in that *Joint Status Report*:

"The settlement required Defendants to make an initial payment of $15,000; Defendants made timely payment in the amount of $20,000 on or before May 17, 2022.

The settlement further required Defendants to next make an installment payment of $5,817.85 on or before June 1, 2022.

Plaintiffs have not received the payment that was required to be made on June 1, 2022; however, Defendants claim to have made the payment.

Even assuming the surplus portion of the May 17, 2022 is to be credited to the required June 1, 2022 payment, the surplus amount is less than the required installment payment of $5,817.85."

6. At the time of that *Joint Status Report*, Plaintiffs outlined their position as follows:

"*Plaintiffs position is as follows*: Plaintiffs are willing to review any proof that payment was timely sent, however, their patience is nearing an end. This case has been pending since January 2019 (Docket Entry #1); Defendants have previously been held in default (Docket Entries #'s 15, 16), and Plaintiffs have previously felt the need to pursue a rule to show cause against Defendants with respect to discovery (Docket Entry #'s 95, 98, and 101), and Defendants now appear to be in default in making the second settlement payment. If Defendants cannot prove that payment has actually been made, Plaintiffs will likely pursue a confession of judgment against Defendants pursuant to the settlement documents."

7.  Since the filing of the *Joint Status Report*, Defendants have not provided any proof that the June 1, 2022 payment was made, and to all appearances have not attempted to do so.

8.  Plaintiffs have never received the full payment due June 1, 2022.

9.  Pursuant to the *Settlement Agreement* and *Judgement Note*, a follow up settlement instalment payment in the amount of $5,817.85 was due on July 1, 2022.

10. Defendants did not make the July 1, 2022 payment either.

11. The *Judgement Note* contains the following default provision:

> If Obligor is in Default, and such default is not cured within ten (10) days after such default (without or without notice of default by the Funds), the Funds may declare the entire unpaid principal balance on this Judgment Note and all accrued unpaid interest and any other amounts owed under this Judgment Note immediately due and payable without notice, demand or presentment and the entire unpaid principal balance on this Judgment Note and all accrued unpaid interest and any other amounts owed under this Judgment Note shall be collectable immediately or at any time after such Default. …

See *Exhibit A*.

12. As of the date of this motion, and with respect to the missed or deficient June 1, 2022 payment, Plaintiffs hereby declare the entire unpaid principal balance on the *Judgment Note* and all accrued unpaid interest and any other amounts owed under the *Judgment Note* immediately due and payable, and hereby demand payment of the entire unpaid principal balance and all accrued unpaid interest.

13. The *Judgement Note* contains the following confession of judgment provision:

> Obligor hereby irrevocably authorizes and empowers any attorney-at-law to appear in any court of record and to confess judgment against Obligor for the unpaid balance of this Judgment Note plus attorneys' fees, costs and any other amounts owed under this Judgment Note as evidenced by an affidavit signed by or on behalf of the Funds setting forth the balance of this Judgment Note then due plus attorneys' fees and costs incurred and any other amounts owed, and to release all errors, and waive all rights of appeal. If a copy of this Judgment Note, verified by an affidavit or other legal means, shall have been filed in the proceeding, it will not be necessary

to file the original as a warrant of attorney. Obligor waives the right to any stay of execution and the benefit of all exemption laws now or hereafter in effect. No single exercise of the foregoing warrant and power to confess judgment will be deemed to exhaust the power, whether or not any such exercise shall be held by any court to be invalid, voidable, or void; but the power will continue undiminished and may be exercised from time to time as the Funds may elect until all amounts owing on this Judgment Note have been paid in full. Obligor hereby waives and releases any and all claims, or causes of action which Obligor might have against any attorney-at-law acting under the terms of authority which Obligor has granted herein arising out of or connected with the confession of judgment hereunder.

See *Exhibit A*.

14. Based on Defendant's default(s) in making payments pursuant to the settlement, Plaintiffs confess judgment against IMAGE PRO'S ASPHALT MAINTENANCE INC. and GLEN E. COX.

15. More specifically, and based on the above, Plaintiffs, by this motion, request the entry of confessed, specific money judgment against Defendants IMAGE PRO'S ASPHALT MAINTENANCE INC. and GLEN E. COX, jointly and severally, in favor of Plaintiffs in an amount not less than **$61,833.99**. The amount of the requested judgment is broken down as follows:

　　(a)　**$61,350.61**, based on the $81,350.61 that the parties agreed was due, less the $20,000 that was paid in May 2022. See *Exhibit A*.

　　(b)　**$483.38**, which was the interest amount expressly set forth in the *Judgment Note* for July 1, 2022. See *Exhibit A*.

　　(c)　Note that the amounts above do not include attorney fees and costs, but that Plaintiffs reserve their rights to confess an additional judgment for fees and costs upon prove up.

16. The *Judgement Note* also contains the following 'attorney fees' provision:

> Obligor will pay the Funds any such costs and expenses incurred by the Funds in the enforcement of the provisions of this Judgment Note or collection of amounts owed to the Funds. This includes, subject to any limits under applicable law, the Funds' attorneys' fees and legal expenses, whether or not there is a lawsuit...

See *Exhibit A*.

(Similarly, the Employee Retirement Income Security Act (ERISA) provides, at 29 U.S.C. § 1132(g)(2)(D), that upon recovery of unpaid benefit contributions by a fiduciary of a benefit plan, "the court shall award the plan…reasonable attorney's fees and costs of the action, to be paid by the defendant.")

17. Plaintiffs additionally assert a confession of judgment against Defendants IMAGE PRO'S ASPHALT MAINTENANCE INC. and GLEN E. COX for attorney fees and costs.

WHEREFORE, Plaintiffs respectfully request that:

A. A judgment be confessed and entered against IMAGE PRO'S ASPHALT MAINTENANCE INC. and GLEN E. COX, jointly and severally, in favor of Plaintiffs, in an amount not less than $61,833.99.

B. The Court continue this case for an additional 14 days to allow Plaintiffs to file and notice a motion for an additional confessed judgment in the amount of attorney fees and costs.

C. Plaintiffs be granted such other and further relief as the Court may deem just.

    Respectfully submitted,
    CENTRAL LABORERS' PENSION FUND, *et al*.

    /s/ *Richard A. Toth*
    GEORGES & SYNOWIECKI, LTD.
    *Attorneys for Plaintiffs*
    20 S. Clark St., Suite 400
    Chicago, IL 60603
    (312) 726-8797

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into between Central Laborers' Pension Fund, Central Laborers' Welfare Fund, and Central Laborers' Annuity Fund (collectively the "Funds"), and Image Pro's Asphalt Maintenance Inc., an Illinois corporation, and Glen Cox (collectively referred to as "Image Pro Parties").

### Recitals

A.  The Funds have asserted a claim against the Image Pro Parties for fringe benefit contributions and relating generally to amounts identified in a payroll compliance audit for the period January 1, 2015 through September 30, 2019; and

B.  In asserting their claim, the Funds filed a lawsuit against the Image Pro Parties in the U.S. District Court, Northern District of Illinois, Case No. 19-Cv-50006 (the "Lawsuit"); and

C.  The parties, considering it in their mutual best interests to resolve their disputes, have negotiated and entered into this Agreement.

### Agreement

1.  Upon execution of this Settlement Agreement by all parties, the Image Pro Parties shall make an initial settlement payment of $15,000.00 to the Funds (the "Initial Settlement Payment").

2.  Subsequent settlement payments shall be made in accordance with the attached Judgment Note, which is incorporated by reference into this Agreement.

3.  The settlement payments to the Funds shall be by cashier's check, certified check, or money order, payable to "Central Laborers' Pension, Welfare, and Annuity Funds."

4.  After execution of this Agreement by all parties and after delivery of the Settlement Payment referenced in Section 1, and otherwise subject to the terms of this Agreement, the Funds shall dismiss the Lawsuit without prejudice, subject to this Settlement Agreement, and pursuant to the attached Consent Order.

5.  The parties acknowledge that the Funds have not conducted a payroll audit of Image Pro's Asphalt Maintenance Inc. for the time after the audit period (period January 1, 2015 through September 30, 2019) that is the subject of the Law Suit, and that the Funds do not release or waive any claims, if any, with respect to delinquent fringe benefit contributions or related amounts due that could or may be discovered by a payroll audit of Image Pro's Asphalt Maintenance Inc. for such subsequent period.

6.  This Agreement shall be construed and enforced in accordance with the laws of the State of Illinois (without reference to choice of law rules). Each party consents to the personal jurisdiction in any state and federal court located in Cook County, Illinois, and acknowledges that venue is proper in any state or federal court located in Cook County, Illinois, and agrees that any action arising out of or related to this agreement must be brought exclusively in a state or federal court located in Cook County, Illinois. The parties waive trial by jury in any legal proceeding arising under this agreement.

7.  The parties agree to execute, or cause to be executed, such other documents as may be required to carry out the purposes of this Agreement. This Agreement constitutes the complete understanding between the parties, all prior representations and agreements having been merged into this Agreement. The parties understand and agree that this Agreement shall be interpreted in accordance with its fair meaning, and not strictly for or against any party. No waiver of any of the terms of this Agreement or of any breach of this Agreement shall be valid unless signed by the party against whom such waiver is asserted; no waiver of any of the terms of this Agreement or of any breach of this Agreement shall be deemed to be a waiver of any other term or breach. This Agreement shall be binding upon and inure to the benefit of the parties and to

EXHIBIT A

their respective successors. This Agreement is not intended and will not be construed so as to grant, provide, or confer any benefits, rights, claims, causes of action, or remedies to any person or entity as a third party beneficiary. Notwithstanding any other provision of this Agreement, this Agreement is not intended and will not be construed so as to terminate any other existing agreements between the parties or to release or waive any unfunded vested liability with respect to any termination of any other agreements between the parties. In the event this Agreement has to be enforced by any Court, the prevailing party shall be entitled to have its costs and expenses incurred in the enforcement of this Agreement, including reasonable attorney's fees, paid by the other party. This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

**Executed on May** \_\_11\_\_, **2022.**

**Central Laborers' Pension Fund**
**Central Laborers' Welfare Fund**
**Central Laborers' Annuity Fund**

By: _[signature]_
Their: DIRECTOR - EMPLOYER CONTRIBUTIONS

**Image Pro's Asphalt Maintenance Inc.**

By: X _[signature]_, pres
    Glen Cox
Its:    President

**Glen Cox, individually**

By: X _[signature]_
    Glen Cox

## JUDGMENT NOTE
## IMAGE PRO'S ASPHALT MAINTENANCE INC.

**PROMISE TO PAY** For value received, Image Pro's Asphalt Maintenance Inc. (employer) and Glen Cox (individual) (hereinafter collectively referred to as "Obligor") jointly and severally promise to pay to the order of, Central Laborers' Pension Fund, on behalf of itself, and Central Laborers' Welfare Fund, Central Laborers' Annuity Fund, and/or any other Funds for which it (Central Laborers' Pension Fund) is a collection agent (hereinafter collectively referred to as the "Funds"), in regard to the liability set forth herein, in lawful money of the United States of America, the principal amount of Eighty One Thousand Three Hundred Fifty and 61/100 Dollars ($81,350.61), plus interest which shall accrue at a rate of 9.5 % per annum.

**PAYMENT** Obligor shall pay the amounts owed under this Judgment Note according to the payment schedule attached hereto as Exhibit "A" (not including an initial, immediate payment of $15,000.00), which payment schedule is fully incorporated into and made a part of this Judgment Note. Obligor shall make each and every payment by the date and in the amount set forth on the attached Exhibit "A". The date each payment is due is set forth under "Due Date" and the amount of each payment to be made is set forth under "Total Payment" on the attached Exhibit "A". All payments shall be submitted and made payable to Central Laborers' Pension Fund at its business address of P.O. Box 1267, Jacksonville, Illinois 62651-1267.

**ADDITIONAL TERMS** Obligor agrees to submit all future monthly fringe benefit contribution reporting forms with payment for contributions owed to the Funds on or before the thirtieth (30th) day of every month following the execution of this Judgment Note. Any failure of the Obligor to remain current in reporting and paying its future monthly contribution obligations shall constitute a Default under the terms of this Judgment Note and will result in immediate acceleration of all amounts due hereunder. All reporting forms with payment shall be submitted to Central Laborers' Pension Fund at its business address of P.O. Box 1267, Jacksonville, Illinois 62651-1267.

**EMPLOYER LIABILITY** Obligor agrees that it owes the Funds a total of $81,350.61, as more specifically detailed on the attached Exhibit "B", which document is fully incorporated into and made a part of this Judgment Note. This Judgment Note and its terms are only meant to act as an agreement in regard to the Obligor's liability for the time periods and amounts owed as detailed on the attached Exhibit "B". Any liability due not specifically referenced in the attached Exhibit "B" or otherwise in this Judgment Note are excluded from the terms herein.

**DEFAULT** Obligor shall be in Default if Obligor fails to make any payment when due under this Judgment Note or fails to comply with or to perform any other term, obligation, covenant or condition contained in this Judgment Note

**THE FUNDS' RIGHTS** If Obligor is in Default, and such default is not cured within ten (10) days after such default (without or without notice of default by the Funds), the Funds may declare the entire unpaid principal balance on this Judgment Note and all accrued unpaid interest and any other amounts owed under this Judgment Note immediately due and payable without notice, demand or presentment and the entire unpaid principal balance on this Judgment Note and all accrued unpaid

interest and any other amounts owed under this Judgment Note shall be collectable immediately or at any time after such Default. In addition to all other remedies the Funds may have upon Default hereunder or otherwise, the Funds specifically retain and do not waive the right to sue pursuant to the provisions of the Employee Retirement Income Security Act for the delinquent contributions and/or other liability that is the subject of this Judgment Note as identified on Exhibit "B" or elsewhere in this Judgment Note as well as any and all other liability that is not identified on Exhibit "B" or elsewhere in this Judgment Note but that arises out of the same matters giving rise to the amounts owed as identified on Exhibit "B" or elsewhere in this Judgment Note.

**ATTORNEYS' FEES; EXPENSES** The Funds may hire or pay someone else to help collect the amounts owed to the Funds under this Judgment Note or otherwise enforce the provisions of this Judgment Note if Obligor does not pay the amounts owed to the Funds or is otherwise in Default. Obligor will pay the Funds any such costs and expenses incurred by the Funds in the enforcement of the provisions of this Judgment Note or collection of amounts owed to the Funds. This includes, subject to any limits under applicable law, the Funds' attorneys' fees and legal expenses, whether or not there is a lawsuit, including attorneys' fees and expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals. If not prohibited by applicable law, Obligor also will pay any court costs and service of process fees in addition to all other sums and costs provided by law.

**CONFESSION OF JUDGMENT** Obligor hereby irrevocably authorizes and empowers any attorney-at-law to appear in any court of record and to confess judgment against Obligor for the unpaid balance of this Judgment Note plus attorneys' fees, costs and any other amounts owed under this Judgment Note as evidenced by an affidavit signed by or on behalf of the Funds setting forth the balance of this Judgment Note then due plus attorneys' fees and costs incurred and any other amounts owed, and to release all errors, and waive all rights of appeal. If a copy of this Judgment Note, verified by an affidavit or other legal means, shall have been filed in the proceeding, it will not be necessary to file the original as a warrant of attorney. Obligor waives the right to any stay of execution and the benefit of all exemption laws now or hereafter in effect. No single exercise of the foregoing warrant and power to confess judgment will be deemed to exhaust the power, whether or not any such exercise shall be held by any court to be invalid, voidable, or void; but the power will continue undiminished and may be exercised from time to time as the Funds may elect until all amounts owing on this Judgment Note have been paid in full. Obligor hereby waives and releases any and all claims, or causes of action which Obligor might have against any attorney-at-law acting under the terms of authority which Obligor has granted herein arising out of or connected with the confession of judgment hereunder.

**JURY WAIVER** THE UNDERSIGNED AND THE FUNDS (BY ITS ACCEPTANCE HEREOF) HEREBY VOLUNTARILY, KNOWINGLY, IRREVOCABLY and UNCONDITIONALLY WAIVE ANY RIGHT TO HAVE A JURY PARTICIPATE IN RESOLVING ANY DISPUTE (WHETHER BASED UPON CONTRACT, TORT OR OTHERWISE) BETWEEN OR AMONG THE UNDERSIGNED AND THE FUNDS ARISING OUT OF OR IN ANY WAY RELATED TO THIS JUDGMENT NOTE. THIS PROVISION IS A MATERIAL INDUCEMENT TO THE FUNDS' ACCEPTANCE OF THIS JUDGMENT NOTE FROM OBLIGOR.

**GOVERNING LAW; FORUM SELECTION; SERVICE OF PROCESS** This Judgment Note shall be subject to and governed by the laws of the State of Illinois. Any action or proceeding arising out of or which is directly or indirectly related to this Judgment Note shall be commenced and maintained only in courts located in Winnebago County, Illinois. Each party, by their respective execution and/or acceptance of this Judgment Note, consents and submits to the jurisdiction of any state or federal court located within Winnebago County, Illinois. Each party waives any objection as to venue or the inconvenience of the forum in such courts and waives any right that the party may otherwise have to transfer or change the venue of any action or proceeding brought against that party by the other party to this Judgment Note which arises out of or is directly or indirectly related to this Judgment Note. Each party consents to service of process in any suit arising out of this Judgment Note at the addresses for each party as provided herein.

**RIGHT TO PREPAY.** Obligor may prepay this Judgment Note in full or in part at any time without premium or penalty. All prepayments shall first be applied to accrued interest and thereafter to the principal loan amount.

**GENERAL PROVISIONS** If any part of this Judgment Note cannot be enforced, this fact will not affect the rest of this Judgment Note. The unpaid balance owing on this Judgment Note at any time may be evidenced by endorsements on this Judgment Note or by the Funds' internal records. The Funds may delay or forgo enforcing any of its rights or remedies under this Judgment Note without losing them. Obligor and any other person who signs, guarantees or endorses this Judgment Note, to the extent allowed by law, waive presentment, demand for payment, and notice of dishonor. Upon any change in the terms of this Judgment Note, and unless otherwise expressly stated in writing, no party who signs this Judgment Note, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability. Unless specially permitted otherwise by the terms and conditions of this Judgment Note, no alteration of or amendment to this Judgment Note shall be effective unless given in writing and signed by the party or parties sought to be charged or bound by the alteration or amendment. The obligations under this Judgment Note are joint and several. The terms and provisions of this Judgment Note shall be binding upon the heirs, executors, personal representatives, successors and assigns of Obligor. The headings in this Judgment Note are inserted for convenience only and are in no way intended to describe, interpret, define or limit the scope, extent or intent of this Judgment Note or any provision hereof and shall not in any event be employed or used for the purpose of construction or interpretation of any portion of this Judgment Note.

**CORPORATE AUTHORIZATION** Glen Cox represents and warrants that he/she is the President and/or authorized agent of Image Pro's Asphalt Maintenance Inc. (employer) and has the corporate power and authority to execute and deliver this Judgment Note on behalf of Image Pro's Asphalt Maintenance Inc. (employer); and further represents and warrants that the execution, delivery and performance of this Judgment Note by Image Pro's Asphalt Maintenance Inc. (employer) has been duly and validly authorized by all necessary corporate or shareholder action and no additional corporate authorization or consent is required in connection with the execution, delivery and performance of this Judgment Note.

PRIOR TO SIGNING THIS JUDGMENT NOTE, OBLIGOR HEREBY ACKNOWLEDGES THAT OBLIGOR HAS READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS JUDGMENT NOTE. OBLIGOR FURTHER ACKNOWLEDGES THAT THIS JUDGMENT NOTE AFFECTS OBLIGOR'S RIGHTS SUBSTANTIALLY AND UNDERSTANDS THAT IT PERMITS THE FUNDS TO ENTER A JUDGMENT AGAINST OBLIGOR IN ANY COURT FOR THE AMOUNT DUE AS PROVIDED IN THE JUDGMENT NOTE. OBLIGOR ACKNOWLEDGES THAT OBLIGOR HAS BEEN GIVEN THE FULL OPPORTUNITY TO DISCUSS THIS ARRANGEMENT WITH AN ATTORNEY OF OBLIGOR'S CHOICE AT OBLIGOR'S COST AND HAS EITHER DONE SO OR ELECTED NOT TO DO SO WITH THE FULL UNDERSTANDING OF OBLIGOR'S RIGHTS. OBLIGOR ACKNOWLEDGES RECEIPT OF A COMPLETED COPY OF THIS JUDGMENT NOTE.

Dated this 11th day of May, 2022.

**OBLIGOR:**

Image Pro's Asphalt Maintenance Inc.
(Printed Name of Employer)

By: _____, President_ Authorized Agent
(Signature)

Glen Cox
(Printed Name of Individual)

_____, Individually
(Signature)

**ADDRESS OF OBLIGOR:**

**Image Pro's Asphalt Maintenance Inc.**
(Name of Employer)

4472 South Mulford Rd
(Business Address)

Rockford Illinois 61109
(City, State, Zip Code)

815-639-0903
(Business Telephone Number)

**Glen Cox**
(Name of Individual)

6150 Linden Rd
(Home Address)

Rockford Illinois 61109
(City, State, Zip Code)

815-519-4926
(Home Telephone Number)

815-540-8835
(Additional Telephone Number)

815-540-8835
(Additional Telephone Number)

None
(Business Facsimile Number)

None
(Home Facsimile Number)

glenn.imagepros@gmail.com
(Business E-mail Address)

glenn.imagepros@gmail.com
(Home E-mail Address)

STATE OF ILLINOIS )
) SS.
COUNTY OF )

On this May 11, 20 22, before me personally appeared Glen Cox, known to me to be the person who executed the above and foregoing Judgment Note, Individually and on behalf of Image Pro's Asphalt Maintenance Inc. (employer), and who represented to me that he/she and Image Pro's Asphalt Maintenance Inc. (employer) were entering into said Judgment Note as their free act and deed for the uses and purposes therein set forth.

*Penny Thiering*
NOTARY PUBLIC

OFFICIAL SEAL
PENNY J. THIERING
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires Sep. 17, 2022

Page 5 of 5

## JUDGMENT NOTE EXHIBIT A

**Image Pro Asphalt Maintenance, Inc**

| | |
|---|---|
| Beginning Balance | $66,350.61 (Reflects prepaid $15,000.00 initial payment) |
| Payment | $5,817.85 |
| Interest Rate | 9.50% |
| Number of Payments | 12 |

**Monthly Amortization Schedule**

| Payment Due Date | Beginning Balance | Payment | Interest | Principal | Ending Balance |
|---|---|---|---|---|---|
| 6/1/2022 | $66,350.61 | $5,817.85 | $525.28 | $5,292.58 | $61,058.03 |
| 7/1/2022 | $61,058.03 | $5,817.85 | $483.38 | $5,334.48 | $55,723.55 |
| 8/1/2022 | $55,723.55 | $5,817.85 | $441.14 | $5,376.71 | $50,346.84 |
| 9/1/2022 | $50,346.84 | $5,817.85 | $398.58 | $5,419.28 | $44,927.57 |
| 10/1/2022 | $44,927.57 | $5,817.85 | $355.68 | $5,462.18 | $39,465.39 |
| 11/1/2022 | $39,465.39 | $5,817.85 | $312.43 | $5,505.42 | $33,959.97 |
| 12/1/2022 | $33,959.97 | $5,817.85 | $268.85 | $5,549.00 | $28,410.96 |
| 1/1/2023 | $28,410.96 | $5,817.85 | $224.92 | $5,592.93 | $22,818.03 |
| 2/1/2023 | $22,818.03 | $5,817.85 | $180.64 | $5,637.21 | $17,180.82 |
| 3/1/2023 | $17,180.82 | $5,817.85 | $136.01 | $5,681.84 | $11,498.98 |
| 4/1/2023 | $11,498.98 | $5,817.85 | $91.03 | $5,726.82 | $5,772.16 |
| 5/1/2023 | $5,772.16 | $5,817.85 | $45.70 | $5,772.16 | $0.00 |

JUDGMENT NOTE EXHIBIT B

REVISED 12/17/19

Image Pro's Asphalt Maintenance, Inc.
10402 Geneva Dr.
Rocoe, IL 61703-9379
Acct #: 14835

Audit Liabilities Due: 01/01/2015 - 09/30/2019

| | | |
|---|---:|---:|
| Pension | $ 17,543.56 | |
| Pension Supp | 17,183.84 | |
| Welfare | 42,317.15 | |
| Training | 522.22 | |
| NI Annuity | 1,358.75 | |
| Work Dues | 2,425.09 | |
| Sub Total | $ 81,350.61 | |
| Liquidated Damages | 8,135.06 | |
| Audit Cost | 1,555.80 | |
| Sub Total | $ 91,041.47 | $ 91,041.47 |

North Central Welfare Fund Shortages:

| | | | | |
|---|---|---:|---:|---:|
| Aug-12 | Local 727 | $ 77.34 | | |
| Sep-12 | Local 727 | 29.93 | | |
| Total | | $ 107.27 | $ | 107.27 |

| | | |
|---|---|---:|
| | **Grand Total Due** | **$ 91,148.74** |